UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| In Re:<br><br>WILLIAM MARTIN TEZAK,<br>Aka BILL TEZAK,<br><br>Debtor. | Case No. 3:16-cv-00185-MMD<br><br>BK Case No. 16-50124-gwz<br>Chapter 13 |
| WILLIAM MARTIN TEZAK,<br><br>Appellant,<br>v.<br>KEVIN E. MONSON,<br><br>Appellee. | ORDER |

On April 28, 2016, the Court issued an Order to Show Cause, directing Appellant to show cause as to why this appeal should not be dismissed for Appellant's failure to timely file the designation of items to be included in the record on appeal and a statement of the issues to be presented as required under Rule 8009(a)(1) of the Federal Rules of Bankruptcy Procedure. (ECF No. 5.) Appellant had until May 13, 2016, to respond to the Order to Show Cause. (*Id.*) To date, Appellant has failed to respond.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with

local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Appellee, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor — public policy favoring disposition of cases on their merits — is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's Order to Show Cause directs Appellant to show cause why this appeal should not be dismissed. Appellant therefore has adequate warning that failure to respond will result in dismissal of his appeal.

It is therefore ordered that this appeal is dismissed. The Clerk is directed to close this case.

DATED THIS 18th day of May 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE